

U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

---

*Patrick Henry Building*
*601 D Street, N.W.*
*Washington, D.C. 20530*

December 8, 2022

Paul Cambria, Esq.
Lipsitz Green Scime Cambria, LLP
42 Delaware Ave, Suite 120
Buffalo, NY 14202
*Counsel for Wash Hydro, Inc. and DC Glass Gallery, LLC*

        **Re:**    **United States v. Wash Hydro, Inc. and DC Glass Gallery, LLC.**

Dear Mr. Cambria:

This letter sets forth the full and complete plea offer to your clients, Wash Hydro, Inc. and DC Glass Gallery, LLC, (which are both closely held companies under the same ownership and thus referred to in this agreement, collectively, as "your client" or "defendant" or "the Company"), from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer expires on **February 1, 2023**. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter "this Agreement"). This is a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The terms of the offer are as follows:

    1.    **Charges and Statutory Penalties**

Your client agrees to plead guilty to a criminal Information, a copy of which is attached, charging each of your clients with one count of Conspiracy to Distribute Marijuana, in violation of 21 U.S.C. § 846. Your client hereby acknowledges that it has accepted this Agreement and decided to plead guilty because it is in fact guilty of the charged offense. By signing this agreement, you and your client represent that John Lawrence Kenney, Jr., the owner and sole proprietor of the Company, will execute this Agreement as the agent of the Company, as well as all other documents necessary to carry out the provisions of this Agreement.

In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia. Your client also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing

Commission, *Guidelines Manual* [(2018)] (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

### 2. **Factual Stipulations**

Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offense(s) to which your client is pleading guilty. Please have your client sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

Your client agrees to appear before the Court through an authorized representative and to admit its guilt to the offenses charged in the Information and to also appear for the imposition of sentence. Your client agrees to accept the Statement of Offense attached hereto as the basis for its admission of guilt, and admit these facts when its plea is entered before the Court. This Agreement is contingent on your client's acceptance of the Statement of Offense.

### 3. **Additional Charges**

In consideration of your client's guilty plea to the above offense(s), this Office will not further prosecute the conduct set forth in the attached Statement of Offense.

### 4. **Agreed Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)**

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, The Company and the Government agree that a sentence of criminal forfeiture of $280,207.75 (the "Forfeiture Amount"), a period of five years of corporate probation, a fine of $1,000.00 ("Fine Amount"), and a special assessment of $400 is an appropriate sentence and should be imposed by the Court in connection with your client's guilty plea to the Information, taking into account the inapplicability of the Sentencing Guidelines, the nature and circumstances of the offense, the need for the sentence imposed to reflect the seriousness of the offense, and the need for the sentence to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to other criminal conduct, as well as for the sentence imposed to protect the public from further crimes. 18 U.S.C. § 3553(a)(1). The Company and the Government agree that this is a reasonable and appropriate sentence, which is sufficient, but not greater than necessary, to achieve the purposes of sentencing in light of the factors set forth under 18 U.S.C. §§ 3553(a) and 3572. The Company agrees that it will not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any forfeiture or fine imposed pursuant to this Agreement, including the amounts paid in satisfaction of the criminal forfeiture.

The Company further admits that the facts set forth in the forfeiture allegation with respect to Count One of the Information and the Statement of Offense justify the court's finding that the proceeds of the charged conspiracy obtained by the The Company are at least equal to the Forfeiture Amount. In connection with this resolution, The Company agrees that the The Company obtained at least the Forfeiture Amount as a result of the offense charged in Count

One, and the Company agrees to forfeit this amount to the Government, as discussed below in Paragraph 9. The Company shall make these payments plus any associated transfer fees by wire transfer pursuant to instructions provided by the Government. The Company further agrees that it must satisfy the Forfeiture Amount and Fine Amount no later than the date of sentencing. Failure to satisfy the forfeiture amount by such time will place The Company in breach of this agreement, and subject it to possible criminal charges and removal of any benefits conveyed by the agreement herein.

### A.   Acceptance of Agreement by the Court

The Government agrees, pursuant to Rule 11(c)(1)(C), to present this Agreement between the parties to the Court for its approval. In accordance with Rule 11(c)(4) and (5), the Court may accept or reject this Agreement. If the Court accepts this Agreement, the Court will sentence your client to a five-year term of probation including payment of a criminal forfeiture of $280,207.75, a fine of $1,000.00, and a $400 special assessment. Your client understands that if the Court accepts this Agreement, then the Court will embody in the judgment and sentence the disposition provided for in this Agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure.

### B.   Rejection of this Agreement by the Court

The parties understand that the Court may not agree that the sentence agreed to by the parties is an appropriate one and may reject this Agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of this Agreement, and will afford your client an opportunity to withdraw the plea or maintain the plea. If your client elects to maintain the plea, the Court will inform your client that a final disposition may be less favorable to your client than that contemplated by this Agreement. Your client further understands that if the Court rejects this Agreement, the Government also has the right to withdraw from this Agreement and to be freed from all obligations under this Agreement, and may in its sole discretion bring different or additional charges before your client enters any guilty plea in this case.

If the Court rejects this Agreement, your client elects to maintain this plea, and the Government does not exercise its right to withdraw from this Agreement, the parties agree that your client will be sentenced upon consideration of the factors set forth in 18 U.S.C. § 3553(a) and the Sentencing Guidelines. Your client further understands that, in such case, the sentence to be imposed is a matter solely within the discretion of the Court, and the Court is not obligated to impose a sentence within the Sentencing Guidelines range or to follow any recommendation of the Government at the time of sentencing.

### 5.   Sentencing Guidelines Analysis

The parties agree pursuant to U.S.S.G. § 8C2.10 that the sentence is determined by applying 18 U.S.C. §§ 3553 and 3572, because, although the offense conduct to which the Company is pleading guilty is covered by U.S.S.G. § 2D1.1, Unlawful Manufacturing,

Importing, Exporting, Trafficking, or Possession, that Guideline is not listed under U.S.S.G. § 8C2.1 which governs criminal fines for organizations.

6. **Court Not Bound by this Agreement or the Sentencing Guidelines** (applicable only when Rule 11(c)(1)(C) plea is rejected)

In accordance with Paragraph 4-A above, should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, the parties further agree that a sentence of a criminal forfeiture of the Forfeiture Amount, and a fine equal to the Fine Amount, would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a), should such a sentence be subject to appellate review notwithstanding the appeal waiver provided below.

Your client understands that should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a), upon consideration of the Sentencing Guidelines. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing. Your client understands that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court.

Your client acknowledges that should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, your client's entry of a guilty plea to the charged offense(s) authorizes the Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that is outside the Guidelines range or if the Court does not follow the Government's sentencing recommendation.

7. **Reservation of Allocution**

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charges to which your client is pleading guilty, to inform the presentence report writer (should a presentence report be requested by the Court) and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement.

In addition, if in this Agreement the parties have agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the parties reserve the right to full allocution in any post-sentence litigation. The parties retain the full right of allocution in connection with any post-sentence motion which may be filed in this matter. In

addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

8. **Waivers**

A. **Statute of Limitations**

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

B. **Trial Rights**

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to be indicted by a Grand Jury, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify. If there were a jury trial and your client chose not to testify at that trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal your client's conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up your client's right against self-incrimination.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws your client's guilty plea or

withdraws from this Agreement after signing it, except where the Court rejects this Agreement under Rule 11(c)(5).

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court.

### D. Appeal Rights

Your client agrees to waive, insofar as such waiver is permitted by law, the right to appeal the conviction in this case on any basis, including but not limited to claim(s) that (1) the statute(s) to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute(s). Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client also agrees to waive the right to appeal the sentence in this case, including but not limited to any term of imprisonment, fine, forfeiture, award of restitution, term or condition of supervised release, authority of the Court to set conditions of release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or guidelines range determined by the Court. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Notwithstanding the above agreement to waive the right to appeal the conviction and sentence, your client retains the right to appeal on the basis of ineffective assistance of counsel, but not to raise on appeal other issues regarding the conviction or sentence.

### E. Collateral Attack

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel.

### 9. Forfeiture

The Company agrees that the facts set forth in the Statement of Offense and admitted by the Company establishes that the Forfeiture Amount, as alleged in the Information, is forfeitable to the United States as proceeds obtained by Wash Hydro, Inc., DC Glass Gallery, LLC, or its affiliates or traceable to violations set forth in Count One of the Information. The Company consents to the entry of the Consent Order of Forfeiture and agrees that it shall be final as to Wash Hydro, Inc., and DC Glass Gallery, LLC, at the time of sentencing and become part of the sentence pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A). The Company agrees to

entry of a money judgment in the amount of $280,207.75 as part of the Consent Order of Forfeiture, for which amount it is jointly and several liable with co-conspirators who acquired the proceeds as a result of the conduct to which the Company is pleading guilty.

The Company agrees that if it does not pay the Government the forfeiture amount of $280,207.75 at or before the date of sentencing, this Agreement permits the Government seek to forfeit any of its assets, real or personal, that are subject to forfeiture under any federal statute, whether or not this agreement specifically identifies them, up to the amount of the outstanding balance of the Consent Order of Forfeiture. Regarding any asset or property, the Company agrees to forfeiture of all interest in: (1) any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violation to which it is pleading guilty; and (2) any substitute assets for property otherwise subject to forfeiture. See 18 U.S.C. § 981(a)(1)(C); 21 U.S.C. § 853(p); 28 U.S.C. § 2461. The Government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture the Company has consented to in this Agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. If the Government chooses to effect the forfeiture provisions of this Agreement through the criminal forfeiture process, the Company agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Company understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

The Company agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

10. **Breach of Agreement**

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off-the-record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is

based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

11. **Complete Agreement**

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than **February 1, 2022**.

                                                Sincerely yours,

                                                Matthew M. Graves
                                                United States Attorney

By:    /s/
       Gilead Light
       Connor Mullin
       Assistant United States Attorneys

## DEFENDANT'S ACCEPTANCE

As the authorized representative of Wash Hydro and DC Glass Gallery, I am authorized and empowered on behalf of the Companies to execute this Plea Agreement. I have read every page of this Agreement and have discussed it with my attorney, **Paul Cambria**. Wash Hydro and DC Glass Gallery fully understand this Agreement and I am authorized to agree to it without reservation. I do this voluntarily and of my own free will, intending for the Companies to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. Wash Hydro and DC Glass Gallery are pleading guilty because the Companies are in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with the Companies' decision to plead guilty except those set forth in this Agreement. Wash Hydro and DC Glass Gallery are satisfied with the legal services provided by its attorney in connection with this Agreement and matters related to it.

Date: 1/15/2023

John Kenney, on behalf of
**Wash Hydro, Inc. & DC Glass Gallery, LLC**
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with my client, **Wash Hydro, Inc. and DC Glass Gallery**, and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 1/17/23

Paul Cambria, Esq.
Attorney for Defendant